**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEROME CAPELTON,<br><br>        Petitioner,<br><br>    v.<br><br>SHINN,<br><br>        Respondent. | Case No. CV 18-04777-DOC (AFM)<br><br>ORDER TO SHOW CAUSE |

**BACKGROUND**

In 2001, petitioner was convicted in the United States District Court for the District of Massachusetts of conspiracy to distribute 50 grams or more of cocaine base and distribution of cocaine base. Case No. 00-CR-30027-MAP.[1] Petitioner was sentenced to federal prison for a term of 360 months. Petitioner's conviction was affirmed on appeal. *United States v. Capelton*, 350 F.3d 231, 235 (1st Cir. 2003). The United States Supreme Court denied petitioner's petition for a writ of certiorari. *Capelton v. United States*, 543 U.S. 890 (2004).

---

[1] The Court takes judicial notice of petitioner's prior court proceedings. *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688–689 (9th Cir. 2001).

On September 28, 2005, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The motion was denied on July 1, 2008. (Case No. 00-CR-30027-MAP, ECF No. 372.)

On October 5, 2015, petitioner sought leave to file a successive § 2255 motion in the District of Massachusetts, raising a claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The First Circuit denied petitioner's application. *Capelton v. United States*, No. 15-2163 (1st Cir. Nov. 30, 2015). Petitioner filed additional requests for authorization to file a second or successive petition, but each were denied. (*See* Case No. 00-CR-30027-MAP, ECF Nos. 449, 462, 465.)

On May 30, 2018, petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges petitioner's 2001 conviction. For the following reasons, petitioner is ordered to show cause why the petition should not be dismissed for lack of jurisdiction.

## DISCUSSION

Generally, a federal prisoner seeking to test the legality of his detention must do so by filing a motion pursuant to 28 U.S.C. § 2255. *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). In addition, challenges to the legality of a conviction or sentence must be brought in the sentencing court, while challenges to the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court. *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

There is a narrow exception allowing a federal prisoner to seek relief under § 2241 if the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Harrison*, 519 F.3d at 956. This exception is referred to as the "savings clause" or the "escape hatch." *Hernandez*, 204 F.3d at 864 n.2; *see Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). The exception to § 2255 is "narrow" and does not apply "merely

because § 2255's gatekeeping provisions," such as the statute of limitation or the limitation on successive petitions, prevent the courts from considering a § 2255 motion. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). The Ninth Circuit has held that a motion meets the savings clause criteria of § 2255 "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison*, 519 F.3d at 959 (quoting *Stephens*, 464 F.3d at 898).

A claim of actual innocence for purposes of the savings clause requires petitioner to demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Stephens*, 464 F.3d at 898 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Further, a claim of actual innocence requires that the petitioner show factual innocence — mere legal insufficiency of the evidence against him is not enough. *Muth*, 676 F.3d at 822 (citing *Bousley*, 523 U.S. at 623).

Here, petitioner has not alleged any new facts or presented any evidence to establish that he is actually innocent of the charges, or shown that "in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." Instead, petitioner alleges that he is actually innocent under the Supreme Court's decision in *Rosemond v. United States*, 134 S. Ct. 1240, 1249 (2014). In *Rosemond*, the Supreme Court held, as a matter of statutory interpretation, that to prove a defendant guilty of using or carrying a firearm during a crime of violence or a drug trafficking offense within the meaning of 18 U.S.C. § 924(c) on an aiding or abetting theory, the Government is required to show that the defendant actively participated in the underlying crime with advance knowledge that a confederate would use or carry a gun during the crime's commission. *Rosemond*, 134 S. Ct. at 1243. Assuming without deciding that an error under *Rosemond* would demonstrate factual innocence as opposed to legal innocence, petitioner does not allege, and it does not appear from the record, that he

was convicted of 18 U.S.C § 924(c) or that he was convicted under a theory of aiding and abetting. Thus, petitioner has not explained how the holding of *Rosemond* might apply to him.

Petitioner has not demonstrated that the savings clause applies to his claim, and therefore, he may not bring challenge his conviction in a § 2241 petition in this Court, but must raise it in a § 2255 motion.[2] Because a § 2255 motion must be filed before the sentencing court – that is, the United States District Court for the District of Massachusetts – this Court lacks jurisdiction over petitioner's claims.

## ORDER

Petitioner is ordered to show cause **on or before July 5, 2018** why this action should not be dismissed without prejudice for lack of jurisdiction. Specifically, petitioner must set forth clearly the basis for his claim that he is actually innocent and otherwise demonstrate that he is entitled to rely upon the savings clause.

Finally, petitioner is cautioned that failure to timely file a response to this order may result in dismissal of this action without prejudice for lack of jurisdiction, for failure to comply with court orders, or for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

DATED: 6/7/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner previously filed a § 2255 motion, so a new motion may be barred as successive. However, as discussed, § 2255 is not inadequate merely because a new motion might be dismissed as successive. *See Ivy*, 328 F.3d at 1059.